Moore v. Moore.

5-1786 322 S. W. 2d 77

Opinion delivered March 9, 1959.

[Rehearing denied April 13, 1959]

214

*Howell, Price & Worsham,* for appellant.

*Wayne Foster,* for appellee.

PAUL WARD, Associate Justice. Appellant, Beulah Moore, and appellee, Hugh J. Moore, (colored) were married in November, 1937, lived together until April 1, 1956, and on December 23, 1957 the appellant filed an action for divorce.

The complaint alleged acts of physical violence, and that she had an interest in certain real and personal property in Little Rock. The prayer was for a divorce, possession of the real property, alimony, costs and attorney's fee. In due time appellee filed a general denial and also a cross-complaint for a divorce on the grounds of adultery.

After testimony was taken on behalf of both parties the trial court granted appellee a divorce and gave appellant nothing in way of a property settlement.

Ark. Stats. § 34-1209 reads, in all parts pertinent to this case, as follows: ''If it shall appear to the court . . . that both parties have been guilty of the adultery, . . . then no divorce shall be granted or decreed.''

In this case it does appear to this court that both parties were guilty of adultery. The trial court found from the testimony that appellant was guilty of adultery (that being the only ground upon which appellee's cross-complaint was based) and, since we cannot say this holding is not supported by the weight of the evidence, we see no point in reviewing that testimony.

We are also equally convinced by the uncontradicted testimony that appellee was also guilty of adultery. In that connection the testimony of Yvonne Powell was,

in substance as follows: I live across the street from Alberta Powell, who is a widow and who has had children born to her since her husband died. I have seen appellee go over to her house regularly during the day and also at night; I have seen him leave very late at night; this has been going on over a period of several years; I have heard that appellee claims some of those children as his own. The record shows that the witness has been in a wheel chair all her life.

It is true that there is no evidence of the specific act of adultery on the part of appellee, but the same thing is true regarding appellant.

From the above it follows that the decree granting a divorce to appellee must be reversed.

It appears from the record that considerable personal and real property is involved, concerning the ownership of which the testimony was highly conflicting and unsatisfactory, but that matter may now be subject to further litigation.

Reversed.

HARRIS, C. J., ROBINSON, J., dissent.

CARLETON HARRIS, Chief Justice, dissenting.

I respectfully dissent to the majority opinion for the reason that it appears to me that this Court is substituting its judgment for that of the Chancellor. The trial court granted appellee a divorce, and this Court has reversed that decision by finding that appellee was guilty of adultery, as well as appellant. This reversal is based upon the testimony of one person, Yvonne Powell, and I certainly do not feel that a reversal is merited by such testimony. In the first place, we have frequently commented on the fact that the Chancellor has the witnesses before him, with the full opportunity to observe their demeanor, and manner on the stand, and that we will not reverse unless his findings are against the preponderance of the evidence. It may well be that the Chancellor did not believe this witness at all, and as a former

Chancellor myself, I might say that I have heard witnesses testify to a state of facts that I did not believe, and to whose testimony, I accordingly gave no weight. However, if the testimony be taken at face value, I do not consider that adultery was established. The majority opinion summarizes the witness Powell's testimony:

" * * * I have seen appellee go over to her house regularly during the day and also at night; I have seen him leave very late at night; this has been going on over a period of several years; *I have heard*[1] that appellee claims some of those children as his own."

This testimony, to me, falls short of establishing adultery, and I do not believe that the Chancellor should be reversed on such evidence.

[1] My emphasis.