MOORE v. MOORE

5-3542                                      393 S. W. 2d 381

Opinion delivered May 24, 1965.

[Rehearing denied September 27, 1965.]

Wayne Foster, for appellant.

No brief filed for appellee.

SAM ROBINSON, Associate Justice. This is an appeal from a decree granting appellee a divorce, and a finding by the court that she is the owner of a one-half interest in certain real property and also owner of a one-half interest in some personal property consisting of household goods, etc.

534

Appellee first filed suit against appellant asking for a divorce in 1959. On appeal to this court a decree in favor of appellee was reversed because, in the opinion of this court, the record showed both parties to be at fault. The doctrine of recrimination applied. *Moore* v. *Moore,* 230 Ark. 213, 322 S. W. 2d 77. The case was decided March 9, 1959.

Later, on November 29, 1962, appellee filed the present action alleging three years separation as grounds for divorce. On appeal appellant does not question that part of the decree granting appellee a divorce, but does contend that the Chancellor was in error in finding that appellee owned a one-half interest in the real and personal property involved. The real property in issue is Lot 16, and the North 11 feet of Lot 15, Block 4, Davis Addition to Argenta (now North Little Rock). The preponderance of the evidence shows that the property was acquired by the joint efforts of both parties; that originally the property was conveyed to appellant, Hugh Moore, that later he conveyed the property to his wife, the appellee herein, using her maiden name, Minnie Hart, as grantee; that a purported deed dated August 27, 1956 from Minnie Hart to Hugh Moore was not signed by the appellee; that the deed is a forgery.

Since it is decided that the deed from Minnie Hart to Hugh Moore is a forgery, the title to the foregoing real property is still in appellee under her maiden name, Minnie Hart; however, she makes no contention that appellant does not own one-half interest in the property.

The preponderance of the evidence also shows that the parties each own one-half interest in the personal property.

The decree is affirmed.